**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**SHARON ANN SMITH,**                              **05-CV-1089 (NAM)**
                    **Petitioner,**
    vs.                                            **Related Criminal Action**
                                                   **04-CR-0065**
**UNITED STATES OF AMERICA,**

                    **Respondent.**

---

APPEARANCES:                          OF COUNSEL:

Sharon Ann Smith
12463-052
Federal Detention Center
P.O. Box 562
Philadelphia, PA 19105
Petitioner, *Pro Se*

Office of the United States Attorney      Edward R. Broton, Esq.
P.O. Box 7198                              Assistant U.S. Attorney
100 S. Clinton Street
Syracuse, NY 13261-7198
Attorney for Respondent

**NORMAN A. MORDUE, Chief U.S. District Judge**

## MEMORANDUM-DECISION AND ORDER[1]

**I.    Background**

On February 18, 2004, Smith appeared before this Court to enter a change of plea pursuant to a written plea agreement into which she had entered with the Government. *See* 04-CR-0065, Dkt. No 5. In that agreement, Smith pleaded guilty to one count of embezzlement from a credit union in violation of 18 U.S.C. § 657. *See* Plea Agreement (04-CR-0065, Dkt. No. 4) ("Plea Agreement"). On August 30, 2004, she was sentenced by this Court principally to a term

---

[1] The background information relating to this action is derived from materials submitted by the parties in conjunction with the present civil proceeding, *Smith v. United States*, 5:05-CV-1089 ("05-CV-1089"), as well as the related criminal action, *United States v. Smith*, 5:04-CR-0065 ("04-CR-0065").

of imprisonment of 46 months.  04-CR-0065, Dkt. No. 12.

Smith's counsel filed an appeal on her behalf on September 8, 2004, *see* 04-CR-0065, Dkt. No. 14, and on August 18, 2005, the Second Circuit issued a mandate dismissing that appeal. 04-CR-0065, Dkt. No. 21.

On August 26, 2005, Smith filed the present Motion to Vacate, Set Aside or Correct her Sentence pursuant to 28 U.S.C. § 2255.  *See* 05-CV-1089, Dkt. No. 1.

## II.  Discussion

Smith asserts four grounds in support of her application.  *See* Motion to Vacate.  The Court addresses each of her claims *seriatim*.

### A.  Enhancement Applied to Her Sentence

In her first ground for relief, Smith contends that this Court erroneously applied a two level enhancement to her total offense level in determining the guideline range of imprisonment to which she was subject.  *See* Motion to Vacate, Ground One.  Specifically, Smith notes that her offense level was increased due to this Court's finding that she had abused a position of trust during the commission of her crimes.  *Id.*; *see also* U.S.S.G. § 3B1.3.[2]  She argues that the enhancement should not have been applied because her thefts from the credit union started before she was promoted to the position of manager of that entity.  *Id.*

Initially, this Court finds that Smith is precluded from asserting this claim due to the valid appellate waiver she executed in conjunction with her guilty plea.  *See* Plea Agreement at ¶ 12; Transcript of Change of Plea (2/18/04) (04-CR-0065, Dkt. No. 23) ("Plea Tr.") at p. 18 (Smith acknowledging that she understood appellate waiver); *see also United States v. Roque*, 421 F.3d

---

[2] That provision of the United States Sentencing Guidelines provides, in salient part, that: "If the defendant abused a position of public or private trust ... in a manner that significantly facilitated the commission or concealment of the offense, increase [the offense level] by 2 levels." U.S.S.G. § 3B1.3.

2

118, 121-22 (2d Cir. 2005).

Moreover, this claim is substantively without merit.

"The primary trait that distinguishes a position of trust from other positions is the extent to which the position provides the freedom to detect a difficult wrong." *United States v. Laljie*, 184 F.3d 180, 194 (2d Cir. 1999) (internal quotation marks and citation omitted).

In the underlying criminal action, Smith admitted to having created approximately 136 fraudulent loans. *See* Plea Agreement ¶ 5. The record reflects that only 12 of those fraudulent loans were created by her prior to the time she was promoted to union branch manager of the credit union, a position she held for approximately eight years while she engaged in the criminal conduct alleged in the Criminal Information.[3] Additionally, in her plea agreement, Smith ***admitted*** that she had abused a position of trust while engaging in her criminal conduct and that a two level enhancement to her sentence should therefore apply pursuant to U.S.S.G. § 3B1.3. *See* Plea Agreement at ¶ 8(b). Thus, as this Court noted at her sentencing, the subject enhancement was appropriate in light of the facts and circumstances relevant to the charges brought against her. *See* Transcript of Sentencing (8/30/04) ("Sentencing Tr.") at p. 5.

Since Smith clearly abused a position of trust during the commission of her crimes, her first ground for relief, which challenges the enhancement of her sentence on that ground, must (alternatively) be denied for substantive reasons.

B. **Ineffective Assistance of Counsel**

Petitioner next claims that she received the ineffective assistance of counsel during the course of the related criminal proceedings. *See* Motion to Vacate, Ground Two. In support of

---

[3] Sentencing Guidelines Section 3B1.3, Application Note 1, specifically notes that the challenged enhancement applies to fraudulent loan schemes perpetrated by bank executives.

this claim, she argues that her counsel "insisted that [she] sign [the] plea agreement," notwithstanding the fact that it was purportedly "incorrect." *Id.* She also asserts that her attorney "never informed [Smith of her] rights, very rarely returned [her] phone calls and didn't call [her] to work on [her] case until the day before sentencing." *Id.*

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defence." This right to counsel has long been recognized as one that entitles a defendant to the right to the effective assistance of counsel. *See McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). Under the familiar two-part test of *Strickland v. Washington*, 466 U.S. 668 (1984), an individual who claims to have received the ineffective assistance of counsel must demonstrate that the representation: (1) "fell below an objective standard of reasonableness," *id.*, 466 U.S. at 688, and (2) prejudiced the defendant. *Id.* at 694; *see also Campusano v. United States*, 442 F.3d 770, 773 (2d Cir. 2006); *United States v. Champion*, 234 F.3d 106, 109 (2d Cir. 2000).

As to Smith's claim that the Plea Agreement contained "incorrect," information, this argument appears to relate to her initial ground for relief in which she contends that her sentence was improperly enhanced based upon this Court's finding that she committed the charged offense while in a position of trust at the credit union. *See* Motion to Vacate, Grounds One, Two. However, since that initial claim is without substance for the reasons discussed above, Smith's counsel cannot be found to have rendered ineffective assistance by failing to inform her that the provision in the Plea Agreement relating to this issue was erroneous.

As to Smith's other claims relating to her attorney, which allege that counsel did not adequately prepare her case and/or properly communicate with Smith during the course of the criminal matter below, these claims are contradicted by Smith's own representations at her

4

change of plea. Specifically, at that proceeding, the following colloquy occurred between Smith and the Court:

> THE COURT: Now was Mr. Claus[4] appointed to represent you or hired by you?
>
> THE DEFENDANT: Hired by us.
>
> THE COURT: And are you satisfied with his representation of you?
>
> THE DEFENDANT: Mm-hmm. Yes.
>
> THE COURT: Has he gone over the law of this case with you and explained your rights with you?
>
> THE DEFENDANT: Yes

*See* Plea Tr. at p. 12.

Later on during that same proceeding, the following exchange occurred between Smith and the Court:

> THE COURT: Are you pleading guilty freely and voluntarily?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Did you read the information containing the charge against you?
>
> THE DEFENDANT: Yes
>
> THE COURT: And did Mr. Claus go over that charge with you and explain it to you in detail?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Do you understand the charge?

---

[4] Dennis Claus, Esq. represented Smith during the criminal matter below.

    THE DEFENDANT:  Yes.

Plea Tr. at pp. 18-19.

    Statements made during a plea allocution are presumptively true "absent credible reason[s] justifying departure from their apparent truth."  *United States v. Gonzalez*, 970 F.2d 1095, 1101 (2d Cir. 1992);[5] *United States v. Caesar*, 94 Cr. 59, 1995 WL 312443 at *3 (S.D.N.Y. May 23, 1995) (citations and internal quotations omitted); *see also United States v. Napolitano*, 212 F.Supp. 743, 747 (S.D.N.Y. 1963) (Weinfeld, D.J.) ("defendant's admissions ... [at guilty plea] are solemn declarations; they are not to be lightly disregarded in favor of his present self-serving assertion").

    Since Smith's sworn statements at her change of plea squarely contradict her current, unsubstantiated claims that her attorney did not adequately prepare a defense for Smith or properly communicate with her during the course of his representation, she is not entitled to habeas relief on this theory.

### C.  **Recommendation of Court Regarding Smith's Place of Incarceration**

    Smith next notes that at sentencing, this Court requested that the Federal Bureau of Prisons ("BOP") incarcerate her at a facility near her residence in Rome, New York.  *See* Motion to Vacate, Ground Three; *see also* Sentencing Tr. at p. 11.  Smith argues that notwithstanding that recommendation, she was placed in a prison "about six hours" from her home.  Motion to Vacate, Ground Three.  She contends that such placement has caused her family "extreme hardship" and has effectively prevented her thirteen year old daughter from visiting Smith.  *Id.*

    However, while courts may recommend locations where it would prefer a defendant be

---

    [5] As the Supreme Court observed in *Blackledge v. Allison*, 431 U.S. 63 (1977), a criminal defendant's "[s]olemn declarations in open court carry a strong presumption of verity."  *Id.* at 74.

incarcerated during the term of his or her imprisonment, federal courts lack the authority to direct that a defendant be placed in a particular institution because that authority is vested solely in the BOP, which must consider – but is not bound by – a district court's recommendation. *See United States v. Guiro*, 887 F.Supp. 66, 69 (E.D.N.Y. 1995) (citing 18 U.S.C. § 3621(b)) (other citation omitted).

Since this Court could not properly order the BOP to incarcerate petitioner in a specific prison, she is not entitled to the relief she seeks based upon this theory.

### D. Lack of Therapeutic Sessions At Prison

In her final ground for relief, Smith seeks a reduction of her sentence based upon her claim that this Court ordered her to enroll in "therapy sessions" while in prison. *See* Motion to Vacate, Ground Four. Specifically, she argues that notwithstanding that claimed order of this Court, she has been unable to obtain the mandated "therapy" because no such sessions are offered at the place of her incarceration. *Id.*

However, careful review of the sentencing transcript reveals that this Court did not order Smith to undergo "therapy" while she was incarcerated. Rather, Smith's sentence included, as a special condition of ***supervised release***, that she participate in a mental health program approved by the United States Probation Department ***upon her release from prison***. *See* Sentencing Tr. at p. 9. Since this Court never ordered Smith to participate in therapy sessions during her period of incarceration, this final claim asserted by Smith does not offer her any legal basis upon which to obtain the relief she seeks herein.

### III. Certificate of Appealability

Finally, the Court notes that 28 U.S.C. § 2253(c)(1) provides in relevant part that:

> Unless a circuit justice or judge issues a certificate of appealability,

7

an appeal may not be taken to the court of appeals from –

(B) the final order in a proceeding under section 2255.[6]

A Certificate of Appealability may only be issued "if the applicant has made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). Since petitioner has failed to make such a showing herein, the Court declines to issue any Certificate of Appealability in this matter. *See Hohn v. United States*, 524 U.S. 236, 239-40 (1998).

## IV.    Conclusion

After carefully reviewing the file in this matter, the parties' submissions, the applicable law, and for the reasons stated herein, it is hereby

**ORDERED** that Smith's Motion to Vacate is **DENIED and DISMISSED**, and it is further

**ORDERED** that the Clerk of the Court serve a copy of this Order on the parties by electronic or regular mail.

A Certificate of Appealability will not be issued in this matter.

**IT IS SO ORDERED.**

Date:  July 14, 2008

Norman A. Mordue
Chief United States District Court Judge

---

[6] Rule 22 of the Federal Rules of Appellate Procedure also provides that an appeal may not proceed in such actions "unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." *See* Fed.R.App.P. 22(b).